■ In the Matter of PIERINO ANASTASIO, Appellant, v RAYMOND KELLY, as the Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [993 NYS2d 497]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered May 7, 2013, which denied the petition to annul respondents' determination, dated October 14, 2010, denying petitioner's application for World Trade Center (WTC) accidental disability retirement benefits, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner challenges respondents' determination that he did not establish that his disabling condition, chronic fatigue syndrome (CFS), is a "[q]ualifying physical condition," as defined by Retirement and Social Security Law § 2 (36) (c) (v). Although petitioner's physicians opined that his CFS, which was diagnosed in about 2007, was related to his WTC exposure, credible evidence supports respondents' conclusion that it was causally related to two other physical conditions, mononucleosis and an acute viral infection caused by the Epstein-Barr virus, both unrelated to his WTC exposure (*see* Administrative Code of

City of NY § 13-252.1 [1] [a]; *Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, Art. II,* 20 NY3d 268 [2012]; *Matter of Quinn v Kelly,* 92 AD3d 589 [1st Dept 2012], *lv denied* 19 NY3d 813 [2012]; *see also Matter of Brennan v Kelly,* 111 AD3d 407 [1st Dept 2013], *lv denied* 23 NY3d 907 [2014]). Furthermore, even assuming that petitioner's condition was considered a "qualifying" condition, the evidence supports the finding that his past viral infections were sufficient to rebut any presumption of causation.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Feinman, Gische and Kapnick, JJ.